UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEPHEN SEWALK and
SMS BUSINESS ENTITIES, INC.,**

    **Plaintiff,**

v.                                                **Case No. 8:22-cv-168-AAS**

**VALPAK DIRECT MARKETING
SYSTEMS, LLC,**

    **Defendant.**
_____/

**ORDER**

Plaintiffs Stephen Sewalk and SMS Business Entities, Inc. (SMS) (collectively, the plaintiffs) move to reopen the case. (Doc. 30). Defendant Valpak Direct Marketing Systems, LLC (Valpak) responds in opposition. (Doc. 33). Counsel for Valpak, Attorney Eric Goldberg, also responds in opposition to certain claims the plaintiffs raise in the motion. (Doc. 34).

**I.  BACKGROUND**[1]

SMS is a Colorado corporation "owned 2.5% by [Mr.] Sewalk and 97.5% by [Mr.] Sewalk's 401(k) plan." (Doc. 1, p. 2). SMS entered into a contract with Valpak on March 11, 2019, "to purchase an existing Valpak franchise business

---

[1] The factual allegations in this order are taken from the plaintiffs' complaint. (Doc. 1).

1

[hereafter referred to as the Franchise] operating in an exclusive territory in southern Colorado." (*Id.* at 4). Mr. Sewalk filed a Chapter 11 bankruptcy petition on July 28, 2021. (*Id.* at 6). Mr. Sewalk's bankruptcy petition listed the value of the Franchise as $12,000. (Doc. 30, Ex. 1, ¶ 7).

Upon filing the bankruptcy petition, an automatic stay was issued barring "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." (*Id.*) (*citing* 11 U.S.C. § 362(a)(3)). Mr. Sewalk informed Valpak of the bankruptcy petition on November 3, 2021. (*Id.* at 7). In response, Valpak terminated its franchise agreement with SMS on November 11, 2021. (*Id.*). Mr. Sewalk's bankruptcy action was dismissed November 15, 2021. (*Id.*).

On January 20, 2022, the plaintiffs sued Valpak for: (1) violation of an automatic stay by bankruptcy proceedings initiated under 11 U.S.C. § 362; and (2) breach of contract. (Doc. 1, pp. 8–9). Valpak moved to dismiss the plaintiffs' complaint on February 7, 2022. (Doc. 11). The parties consented to this court's jurisdiction on March 22, 2022. (Doc. 21).

On July 12, 2022, the parties conducted a mediation resulting in a settlement agreement "resolving all disputes among the parties." (Doc. 28). The court subsequently dismissed this matter "subject to the right of the parties, within sixty (60) days of the date of this order, to submit a stipulated form of final order or judgment, request an extension of time, or for any party to move

2

to reopen the action upon a showing of good cause." (Doc. 29).

On August 15, 2022, the plaintiffs filed the present motion. (Doc. 30).

## II.   ANALYSIS

"[T]he determinative issue [under the good cause standard] is whether the [negotiated] settlement agreement should be set aside." *Menaged v. City of Jacksonville*, No. 3:11-cv-586, 2013 WL 461999, at *2 (M.D. Fla. Jan. 14, 2013). Florida state contract law applies in determining whether to set aside a settlement agreement. *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir.2000) (per curiam). "[A]bsent claims of fraud or duress, a plaintiff who executes a settlement agreement pursuant to the advice of independent counsel is presumed to have executed the agreement knowingly and voluntarily." *Shepard v. Fla. Power Corp.*, 2011 WL 1465995, *2 (M.D. Fla. Apr.18, 2011) (*citing Myricks v. Fed. Rsrv. Bank of Atlanta*, 480 F.3d 1036, 1041 (11th Cir. 2007)).

The plaintiffs' motion, without permission of the court or their opponent, improperly divulges in great detail what occurred during the parties' confidential mediation. In summary and without repeating the confidential information already disclosed, the plaintiffs argue Valpak's settlement constituted "criminal extortion." (Doc. 30, p. 1).

The court construes the plaintiffs' claims of criminal extortion as argument that the settlement agreement should be set aside based on coercion

and duress. *See Gordon v. Gordon*, 625 So. 2d 59, 62 (Fla. 4th DCA 1993) ("Extortion is, after all, only an extreme form of coercion and duress"). To support this claim, the plaintiffs "must prove that (1) the settlement agreement was executed involuntarily, and thus not as a choice of free will; and, (2) the other contracting party exerted some improper and coercive conduct over [the plaintiffs] to effectuate the settlement." *Menaged*, 2013 WL 461999 at *3 (citations omitted). Valpak's negotiation position at the mediation was not extortion, coercion, or duress. "Florida law appears to hold that the threat of criminal prosecution does not constitute duress and will not justify rescission of the settlement agreement." *United States v. Contents of Bank of Am.*, 452 Fed. App'x 881, 882 (11th Cir. 2011) (*citing Smith v. Paul Revere Life Ins. Co.*, 998 F. Supp. 1412, 1417–18 (S.D. Fla. 1997)). The plaintiffs thus have not established their settlement agreement with Valpak should be set aside and have not established good cause for reopening this case.

### III. CONCLUSION

Mr. Sewalk's Motion to Reopen and Request for Sanctions (Doc. 30) is **DENIED**. The Clerk is **DIRECTED** to strike Mr. Sewalk's motion (Doc. 30) due to the inclusion of confidential mediation negotiation details. The parties will bear their own attorney's fees and costs incurred as a result of this motion.

**ORDERED** in Tampa, Florida on September 6, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4