UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN SEWALK and
SMS BUSINESS ENTITIES, INC.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 8:22-cv-168-AAS

VALPAK DIRECT MARKETING
SYSTEMS, LLC,

    Defendant.
_____/

## ORDER

Plaintiffs Stephen Sewalk and SMS Business Entities, Inc. (SMS) (collectively, the plaintiffs) move for "Leave to Disclose Communications of July 12 Mediation Pursuant to Local Rule 4.03(g) and for Leave to Resubmit Motion to Reopen Case." (Doc. 36). Defendant Valpak Direct Marketing Systems, LLC (Valpak) opposes the motion. (Doc. 37).

Though stylized differently, the plaintiff's motion is more properly construed as a request for reconsideration of the court's September 6, 2022 order (Doc. 35) denying the plaintiffs' prior motion to reopen the case and impose sanctions on Valpak (Doc. 30). *See* (Doc. 36, p. 9) (claiming the court's September 6, 2022 order "is clearly erroneous and must be vacated.").

District courts have "inherent authority to revise interlocutory orders

1

before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties in a case." *Hollander v. Wolf*, No. 9:09-cv-80587-KLR, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009). These limited circumstances prompt reconsideration of a court order: (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); *True v. Comm'r of the I.R.S.*, 108 F. Supp. 2d 1361, 1365, (M.D. Fla. 2000).

The plaintiffs must therefore present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id.* (internal quotations omitted).

The plaintiffs originally moved to reopen the present matter on August 15, 2022, claiming good cause existed to reopen this matter because Valpak illegally coerced the plaintiffs into approving a settlement agreement. (Doc. 30). In doing so, the plaintiffs attached an affidavit to their motion containing confidential mediation negotiation details. (*Id.*). The court cited to persuasive Eleventh Circuit precedent stating "Florida law appears to hold that the threat of criminal prosecution does not constitute duress and will not justify rescission

of the settlement agreement" in concluding what the plaintiffs represented in their motion as "Valpak's negotiation position at the mediation was not extortion, coercion, or duress." (Doc. 35, p. 4); *United States v. Contents of Bank of Am.*, 452 F. App'x 881, 882 (11th Cir. 2011). On that basis, this court concluded the plaintiffs had not established good cause for reopening the case. (*Id.*). The court also struck the plaintiffs' motion "due to the inclusion of confidential mediation negotiation details." (*Id.*).

The plaintiffs have not established a need for reconsideration of the September 6, 2022 order. The plaintiffs claim the court "ignored" relevant Florida state law holding the "threat of criminal prosecution does not constitute duress if the threat to seek prosecution was legally justifiable." (Doc. 36, pp. 5–6). Beyond recounting case law cited in this court's prior order (Doc. 35), the plaintiffs raise two cases supporting this proposition: *Berger v. Berger*, 466 So. 2d 1149 (4th DCA 1985), and *Franklin v. Wallack*, 576 So. 2d 1371, 1372 (5th DCA 1991).

Both cases involve family law marital property disputes and are thus factually unanalogous to the present dispute. Further, as the dissent in *Franklin* notes, the sum of Florida case law appears to state "duress cannot be established by proof that a guilty person was threatened with criminal prosecution, where the threat has a connection with the demand for which

3

compensation is sought." *Franklin*, 576 So. 2d at 1373 (Sharp, J., dissenting). *See also Norris v. Stewart*, 350 So. 2d 31 (Fla. 1st DCA 1977) ("Duress . . . requires a showing the act of the party compelling obedience of another is unlawful or wrongful.").

Thus, to the extent Florida law allows for the threat of criminal prosecution as evidence supporting a contractual defense of duress, such a defense necessitates a finding that "the threat to prosecute had to be itself unjustified or illegal." *Franklin*, 576 So. 2d at 1373 (Sharp, J., dissenting). This statement is not inconsistent with the precedent cited in this court's prior order; as the plaintiffs note, the *Franklin* case is referenced by the Eleventh Circuit in *Contents of Bank of Am*. *See Contents of Bank of Am.*, 452 F. App'x. at 883. More prudently, and as this court previously concluded, nothing in the plaintiff's prior motion or affidavit suggested Valpak's alleged negotiation stance was unjustified or necessitated further inquiry via an evidentiary hearing.

The plaintiffs' motion does not present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358. Instead, the plaintiffs raise identical arguments to those raised in their prior motion and request leave to file the same affidavit of confidential mediation testimony this court previously struck. Additionally,

4

there is no intervening change in controlling law or a need to correct clear error or prevent manifest injustice.

The plaintiffs' construed motion for reconsideration (Doc. 36) of the court's September 6, 2022 order denying the plaintiff's motion to reopen this case (Doc. 35) is **DENIED**.

**ORDERED** in Tampa, Florida on November 9, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

5